IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.: 3:14-cr-00015-WKW |
| | ) | |
| KESHIA LANIER | ) | |

## PLEA AGREEMENT

| | |
|---|---|
| DEFENSE COUNSEL: | BRUCE HARVEY |
| | KIMBERLY CORNWELL |
| | |
| TRIAL ATTORNEYS: | MICHAEL C. BOTELER |
| | TODD A. BROWN |

### COUNTS AND STATUTES CHARGED:

| | |
|---|---|
| Count 1 | 18 U.S.C. § 286 |
| | Conspiracy to Defraud the Government with Respect to Claims |
| | |
| Counts 2, 3, 15 – 20 | 18 U.S.C. § 1343 |
| | Wire Fraud |
| | |
| Counts 42, 43, 45, 98, 99, 101 | 18 U.S.C. § 1343 |
| | Mail Fraud |
| | |
| Counts 58, 59, 71-76 | 18 U.S.C. § 1028A |
| | Aggravated Identity Theft |
| | |
| Count 116 | 18 U.S.C. § 1029(a)(3) |
| | Possession of Unauthorized Access Devices |

### COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:

| | |
|---|---|
| Count 18 | 18 U.S.C. § 1343 |
| | Wire Fraud |
| | |
| Counts 74 | 18 U.S.C. § 1028A |
| | Aggravated Identity Theft |

1

12425616.1

**PENALTIES BY COUNTS - MAXIMUM PENALTY:**

Count 18         18 U.S.C. § 1343
                 Wire Fraud

A term of imprisonment which may not be more than 20 years, a fine not to exceed either $250,000, or twice the gross gain to the defendant or the gross loss to any person other than the defendant, or both a fine and imprisonment; a term of supervised release of no more than 3 years; restitution; and an assessment fee of $100.00.

Count 74         18 U.S.C. § 1028A
                 Aggravated Identity Theft

A mandatory term of imprisonment of two years to run consecutive to any other term of imprisonment, a fine not to exceed either $250,000, or twice the gross gain to the defendant or the gross loss to any person other than the defendant, or both a fine and imprisonment; a term of supervised release of no more than 1 year; restitution; and an assessment fee of $100.00.

**ELEMENTS OF THE OFFENSES:**

Count 18         18 U.S.C. § 1343
                 Wire Fraud

1. The Defendant knowingly devised or participated in a scheme to defraud, or to obtain money or property by using false pretenses, representations, or promises;

2. The false pretenses, representations, or promises were about a material fact;

3. The Defendant acted with the intent to defraud; and

4. The Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

Count 74         18 U.S.C. § 1028A
                 Aggravated Identity Theft

1. The Defendant knowingly transferred, possessed, or used another person's means of identification;

2. Without lawful authority; and

3. During and in relation to an eligible felony.

2

12425616.1

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Michael C. Boteler, Trial Attorney of the U.S. Department of Justice, Todd A. Brown, Assistant United States Attorney, and Bruce Harvey and Kimberly Cornwell, attorneys for the Defendant, pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (c)(1)(B), as amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Superseding Indictment and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. For the purpose of calculating the Defendant's sentence under the United States Sentencing Guidelines, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Government and the Defendant agree that the following Guidelines provisions or calculations apply. The Government and the Defendant reserve the right to argue for or against the applicability of any other Guidelines calculations or provisions:

   a. That on Count 18, the applicable Guidelines section is U.S.S.G. § 2B1.1.

   b. That the 2-level reduction in the applicable offense level pursuant to § 3E1.1(a) for the Defendant's acceptance of responsibility is appropriate, and if the Defendant's offense level is sixteen or more and should the Government find that the Defendant assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently,

the Government agrees to move at sentencing for a further reduction of one level, pursuant to § 3E1.1(b). Determination of whether the defendant met her obligations to qualify for the reduction pursuant to § 3E1.1(b) is at the sole discretion of the United States. The Government's obligation under this sub-paragraph will become null and void if, between the date of this agreement and the date of sentencing, the Defendant obstructs justice, commits any new federal or state offenses, or otherwise fails to accept responsibility for the offense.

2.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Government agrees to recommend a sentence at the bottom of the Guidelines Range.

3.  The United States and the Defendant agree that the Defendant is subject to the forfeiture allegations in the Superseding Indictment. The United States and the Defendant have not reached an agreement with respect to the amount of proceeds to be forfeited and which, if any, substitute assets are to be forfeited. The parties agree to have the Court resolve forfeiture issues at sentencing or other such hearing as ordered by the Court.

4.  The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant conduct concerning the charged offenses, as well as all other uncharged related criminal activity. The United States may include information concerning the background, character, and conduct of the Defendant, including the entirety of her criminal activities.

5.  If the Defendant pleads guilty and is sentenced on Counts 18 and 74, the Government will dismiss the remaining charges and not bring any other charges based on the factual basis.

## **DEFENDANT'S PROVISIONS**

6. The Defendant agrees to plead guilty to Counts 18 and 74 of the Superseding Indictment.

7. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Defendant agrees that the Guidelines provisions set forth in Paragraph 1 are correct and apply. The Defendant reserves the right to argue for a downward departure or variance.

8. The Defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, whether that offense is charged or chargeable or not. Such criminal activity would include, but is not limited to, witness tampering or facilitation of any other criminal activity. The Defendant agrees to provide truthful information to the Probation Office and/or the Court. Determination of whether the Defendant's conduct is a violation of this provision is at the complete discretion of the Government.

9. The Defendant understands that she is subject to the forfeiture allegations in the Superseding Indictment. The United States and the Defendant have not reached an agreement with respect to the amount of proceeds to be forfeited and any substitute assets to be forfeited. The Defendant understands that the Court will resolve any forfeiture issues at sentencing or at another hearing ordered by the Court.

10. The Defendant agrees to forfeit to the United States voluntarily and immediately all of her right, title and interest to any and all assets, and/or their substitutes which are subject to forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

12425616.1

11. The Defendant further agrees to waive any constitutional challenges to the forfeiture, including any challenges under the Eighth Amendment to the United States Constitution.

12. Furthermore, the Defendant agrees to execute any document necessary to transfer all rights, title, and interest in any substitute property.

13. The Defendant understands that, pursuant to 18 U.S.C. § 3663A(c)(1), restitution is mandatory for the offenses to which she is pleading guilty, with the amount of restitution to be determined by sentencing. The Government will not oppose the liability being joint and several with any others who may be found liable because of their involvement in the same conspiracy and related crimes described in the factual basis section of this agreement.

14. The Defendant agrees that this agreement or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

15. The Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs her otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court for the Middle District of Alabama. With each payment to the Clerk of the Court made pursuant to the Court's restitution order, the Defendant will provide the following information:

    a. The Defendant's name and Social Security number;

    b. The District Court docket number assigned to this case;

12425616.1

      c. Tax year(s) or period(s) for which restitution has been ordered; and

      d. A statement that the payment is being submitted pursuant to the District Court's restitution order.

16.    The Defendant agrees to include a request that the Clerk of the Court send the information, along with the Defendant's payments, to the IRS at the following address:

>  IRS-RACS
>  Attention: Mail Stop 6261, Restitution
>  333 W. Pershing Avenue
>  Kansas City, MO 64108

The Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at that address.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

17.    Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct. In return for the above waiver by the Defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the

Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver.

## FACTUAL BASIS

18. The Defendant admits the allegations charged in Counts 18 and 74 and understands that the nature of the charges to which the plea is offered involves proof as follows:

    a. Beginning in or about January 2011 and continuing until at least in or about December 2013, within the Middle District of Alabama, the Defendant did willfully and knowingly conspire with Tracy Mitchell, Latasha Mitchell, Talarius Paige, Mequetta Snell-Quick, and others to defraud the United States by obtaining or aiding to obtain the payment of false, fictitious, and fraudulent claims, in particular the filing of fraudulent federal tax returns using stolen identities.

    b. On various dates between 2011 and 2013, the Defendant obtained from an individual, who worked at two Alabama State agencies and who had access to personal information from databases maintained by Alabama state agencies, the means of identification of individuals, including their names, dates of birth, and Social Security numbers. The Defendant also obtained the means of identification of Alabama state inmates. The Defendant and others used those stolen identities to file fraudulent tax returns.

    c. The Defendant with the assistance of Mequetta Snell-Quick and others obtained Electronic Filing Identification Numbers ("EFINs") in the names of several sham tax preparation businesses for the purpose of filing fraudulent tax returns.

12425616.1

In particular, on or about September 27, 2011, the Defendant and Mequetta Snell-Quick obtained an EFIN in the name of M & Q Tax Service. Both the Defendant and Mequetta Snell-Quick obtained the EFIN for the purpose of filing fraudulent tax returns using stolen identities. The Defendant and Mequetta Snell-Quick opened up a bank account for M & Q Tax Services to receive some of the illicit funds. The Defendant, Mequetta Snell-Quick and others used this EFIN to file fraudulent tax returns using stolen identities.

    d.  On several occasions, the Defendant provided stolen identities to Mequetta Snell-Quick. Mequetta Snell-Quick used those names to prepare and file fraudulent federal tax returns. For instance, on or about July 9, 2012, the Defendant sent an email to Mequetta Snell-Quick that contained account numbers and the personal information of individuals, including H.La. and B.Wa., for the purpose of having Mequetta Snell-Quick file fraudulent returns. The Defendant and Mequetta Snell-Quick used Snell-Quick's home address on some fraudulent tax returns.

    e.  The Defendant and others obtained EFIN xxx515 in the name of S & D Tax Service, EFIN xxx934 in the name of Datsher Tax Office, and EFIN xxx847 in the name of Lanier Tax Service for the purpose of filing fraudulent tax returns. Using these EFINs and the EFIN for M & Q Tax Service, the Defendant filed fraudulent tax returns using stolen identities from various locations.

    f.  On or about April 7, 2013, the Defendant for the purpose of executing the scheme and artifice to defraud, and to aid and abet the same, transmitted or caused to be transmitted by means of wire communication in interstate commerce, an electronic federal tax return in the name of "D.E." that requested a tax refund in the

amount of $1,066.

g. On or about April 7, 2013, the Defendant did knowingly use a means of identification of an actual person, "D.E.", without lawful authority during and relation to the offense listed in Count 18. The Defendant caused a fraudulent tax return to be filed in the name of "D.E." and that requested a refund in the amount of $1,066.

h. The Defendant agreed to provide stolen identities to Tracy Mitchell, Latasha Mitchell, and Talarius Paige for the purpose of filing fraudulent tax returns. On several occasions, the Defendant provided lists of stolen identities to Tracy Mitchell, Latasha Mitchell, and Talarius Paige. The Defendant provided some of those lists via email. The Defendant also provided to them the EFIN information for S & D Tax Service and M & Q Tax Service in order for them to use to file fraudulent tax returns. Tracy Mitchell, Latasha Mitchell, and Talarius Paige used those two EFINS and others to file fraudulent tax returns. In exchange, the Defendant received a portion of the illicit proceeds.

i. The Defendant was not involved in the theft of identities from Fort Benning, Georgia and had no knowledge that the conspiracy involved the use of stolen military identities.

j. The actions of the Defendant recounted above were in all respects voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident or any other innocent reason.

**DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

20. The Defendant, before entering a plea of guilty to Counts 18 and 74 as provided for herein by said Plea Agreement, advises the Court that:

12425616.1

   a. The discussions between the attorneys for the government and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

   b. The Defendant further understands that, pursuant to Title 18, United States Code, Section 3013, a $200 assessment fee is to be paid by the Defendant on the date of sentencing.  The Defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office.  The Defendant further understands that by completing and submitting to the court or the government any financial statements, the Defendant is representing that the statement is true and accurate to the best of her information, knowledge, and belief.

   c. The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

   d. The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

   e. The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the Defendant answers these questions under oath, on the

record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

   f. The Defendant further understands and advises the Court that the Plea Agreement and Addendum to the Plea Agreement and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement and Addendum to the Plea Agreement. The Defendant further advises the Court that the Plea Agreement and Addendum to the Plea Agreement is the result of prior discussions between the attorneys for the government, and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

   g. The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement and Addendum to the Plea Agreement is as set forth in this document.

   h. The Defendant further understands that the Government can only make a sentencing recommendation to the Court, which is not binding on the Court.

   i. The Defendant is satisfied that defense counsel has been competent and effective in representing her.

21. The undersigned attorneys for the Government and for the Defendant represent to the Court that the foregoing Plea Agreement and Addendum to the Plea Agreement is the agreement of the parties that has been reached pursuant to the plea agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as amended. The attorney for the Defendant further advises the Court that the Defendant

has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

22.     The Defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by the Defendant's counsel or the United States Attorney.

23.     This Plea agreement consisting of 23 numbered paragraphs and 14 pages and Addendum to the Plea Agreement is the entire agreement and understanding between the Government and the Defendant. There are no other agreements, promises, representations, or understandings.

12425616.1

This 25th day of February, 2015.

                                                Respectfully submitted,
                                                GEORGE L. BECK, JR.
                                                UNITED STATES ATTORNEY

                                                /s/ Todd A. Brown
                                                Todd A. Brown
                                                Assistant United States Attorney

                                                Michael Boteler
                                                Trial Attorney
                                                U.S. Department of Justice, Tax Division
                                                Southern Criminal Enforcement Section

12425616.1

I have read the foregoing Plea Agreement and Addendum to the Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement and Addendum to the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_____
Keshia Lanier
Defendant

3/5/15
_____
Date

_____
Bruce Harvey, Esq.
Attorney for the Defendant

3/5/15
_____
Date

12425616.1